ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 OCT 18  AM 11: 36

CLERK OF COURT

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
### (Ft. Worth Division)

| | |
|---|---|
| MAYFORD K. DAVIS, JR., individually and as a private attorney general on behalf of others similarly situated; <br> Plaintiff <br><br> v. <br><br> ROBERT LEAVITT, CHAIRMAN AND GENERAL SERVICE BUREAU, <br> Defendants | CASE NO. **4-12CV-739-A** <br><br> JUDGE _____ <br><br> **TRIAL BY JURY DEMANDED** |

## ORIGINAL COMPLAINT FOR VIOLATIONS OF
## FCRA, 15 U.S.C. § 1681 and FDCPA, 15 U.S.C. § 1692

Plaintiff, MAYFORD K. DAVIS, JR., individually and as a private attorney general on behalf of others similarly situated hereby brings this lawsuit against Defendants, ROBERT LEAVITT and GENERAL SERVICE BUREAU.

### JURISDICTION AND VENUE

1. The jurisdiction of the Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

2. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

3. Venue is proper in the UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS (Ft. Worth Division).

4. This is an action for damages which is less than $40,000.

5. All conditions precedent to the bringing of this action have been performed, waived, or excused.

6. Discovery of this these violations brought before this Court occurred within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p(1) and (2) as well as FDCPA 15 U.S.C. § 1692k(d).

## PARTIES

7. The Plaintiff in this lawsuit is MAYFORD K. DAVIS, JR., a natural man, who resides in Parker County, Texas.

8. The Defendants in this lawsuit are ROBERT LEAVITT, CHAIRMAN OF THE BOARD and GENERAL SERVICE BUREAU with an address of 5807 North 102nd Street, Omaha, Nebraska 68134 and a telephone number of (402) 255-5025.

## PRELIMINARY STATEMENT

9. This is an action for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692.

10. Plaintiff contends that the Defendants, a debt collection agency, have violated said laws by obtaining Plaintiff's consumer credit reports illegally, knowingly reporting false and inaccurate information to the credit reporting agencies, and not having a permissible purpose for obtaining Plaintiff's consumer credit reports..

11. Upon belief and information, Plaintiff contends that these practices are widespread by said Defendants. Therefore, Plaintiff is suing as a private attorney general on behalf of all others similarly situated. Plaintiff intends to **propound discovery** to said Defendants identifying these other individuals who have suffered similar violations.

Plaintiff intends to seek attorney's fees from said Defendants, ROBERT LEAVITT and GENERAL SERVICE BUREAU, as a private attorney general. (The "private attorney general" concept holds that a successful private party plaintiff is entitled to recovery of his legal expenses, including attorney fees, if he has advanced the policy inherent in public interest legislation on behalf of a significant class of persons. <u>Dasher v. Housing Authority of City of Atlanta, GA, D.C.Ga.,</u> 64 F.R.D. 720, 722. **See also Equal Access to Justice Act.**)

## FACTUAL ALLEGATIONS

12. On or about **May 17, 2011** Plaintiff obtained his consumer credit report from the credit reporting agencies Equifax, TransUnion, and Experian. Plaintiff found entries on these reports that were unknown and/or not authorized by the Plaintiff.

13. Plaintiff discovered after examining the consumer credit reports that the Defendants had obtained his consumer credit report **twice** from **TransUnion** credit reporting agency on or about **October 2007**.

14. Plaintiff discovered after examining the consumer credit report from **Experian** that the Defendants had obtained his consumer credit report **twice** on or about **January 2008**.

15. Plaintiff discovered after examining his **Equifax** consumer credit report that the Defendants had obtained his consumer credit report **twice** on or about **December 2009.**

16. On or about **July 24, 2012** Plaintiff sent by certified mail (# 7011 2000 0001 1928 3423) a letter regarding Intent to Sue. The letter was received by said Defendants according to the USPS records at 10:53 am on **July 27, 2012**. The letter was an attempt to mitigate the damages without proceeding with a federal lawsuit.

17. On or about **August 2, 2012** Plaintiff received a letter from Defendants denying that they had obtained the Plaintiff's consumer credit reports.

18. On or about **August 8, 2012** Plaintiff sent to the said Defendants a certified letter (# 7010 1670 0002 5084 7888) regarding a Notice Of Pending Lawsuit. With the letter was a draft of the federal lawsuit that would be filed if the Defendants failed to **honorably settle the matter and to mitigate the damages**. Also included with the letter and draft of the lawsuit was a copy of Page 6 of 14 from the **Experian** consumer credit report as verified proof of some of the allegations.

19. At no time did Defendants ever indicate what justification they may have had for obtaining Plaintiff's consumer credit report. The Defendants had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer credit report and Defendants **breached said duty** by failing to do so. There was no account that the Defendants had any right to collect to have had permissible purpose to obtain Plaintiff's consumer credit report and therefore Plaintiff is **entitled to damages for breach of said duty**.

20. Plaintiff does not have an "account", as defined in 15 U.S.C. § 1683a(2), with said Defendants and there is no evidence to the contrary.

21. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

22. (2) the term "account" means a demand deposit, savings deposit, or other asset account **(other than an occasional or incidental credit balance in an open end credit plan** as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

## COUNT 1
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692

23. Paragraphs 1 through 22 are realleged as though herein set forth.

24. Defendants obtained Plaintiff's consumer credit report under false and misleading representations violating the FDCPA, 15 U.S.C. § 1692e(2).

25. Defendants used deceptive means in an attempt to collect an alleged debt by obtaining Plaintiff's consumer credit report violating the FDCPA § 1692e(10).

26. Defendants violated FDCPA, 15 U.S.C. § 1692 3(11) by failing to state the mini-Miranda warning on the latest communication.

27. Defendants utilized Unfair Practices in the attempt to collect an alleged debt therefore violating the FDCPA § 1692 f.

28. Defendants failed to adequately validate the alleged debt violating the FDCPA, § 1692g.

29. **WHEREFORE**, Plaintiff demands judgment for statutory damages of **$1,000** from each Defendant under the FDCPA, 15 U.S.C. § 1692a(2)(A).

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORT ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY SAID DEFENDANTS

30. Paragraphs 1 through 22 are realleged as though fully set forth herein.

31. Plaintiff, MAYFORD K. DAVIS, JR., is a consumer within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

32. Defendants are a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

33. Equifax, Experian, and TransUnion are credit reporting agencies within the definition of the FCRA, 15 U.S.C. § 1681a(f).

34. Consumer credit report is a consumer report as defined in the FCRA, 15 U.S.C. § 1681a(d).

35. Defendants violated FCRA, 15 U.S.C. § 1681b(a) as they have no permissible purpose as outlined in the code which is an **egregious violation of Plaintiff's right to privacy**.

36. **WHEREFORE**, Plaintiff demands judgment for damages in the amount of **$1,000 for each violation** (total of $12,000) with each credit reporting agency against each Defendant for actual or statutory damages, punitive damages, **attorney's fees of $3,000** (see Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir.); Mace v. Van Ru Credit, 109 F.3d 338, 344 n.3 (7th Cir. 1997); Hyde v. Small, 123 F.3d 583, 585 (7th Cir. 1997)), **and costs**, pursuant to 15 U.S.C. § 1681n.

## COUNT III

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY GENERAL SERVICE BUREAU

37. Paragraphs 1 through 22 are realleged as though fully set forth herein.

38. Plaintiff, MAYFORD K. DAVIS, JR., is a consumer within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

39. Defendants are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

40. Equifax, TransUnion, and Experian are credit reporting agencies within the definition of the FCRA, 15 U.S.C. § 1681a(f).

41. Consumer credit report is a consumer report as defined in the FCRA, 15 U.S.C. § 1681a(d).

42. Defendant violated FCRA, 15 U.S.C. § 1681b(f)(2) as there was no proper certification as required which is an **egregious violation of Plaintiff's right to privacy.**

43. **WHEREFORE,** Plaintiff demands judgment for damages in the amount of <u>**$1,000 for each violation**</u> (total of $12,000) with each credit reporting agency against Defendants for actual or statutory damages, punitive damages, **attorney's fees of $3,000** (see Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir.); Mace v. Van Ru Credit, 109 F.3d 338, 344 n.3 (7th Cir. 1997); Hyde v. Small, 123 F.3d 583, 585 (7th Cir. 1997)), **and** <u>costs</u>, pursuant to 15 U.S.C. § 1681n.

## COUNT IV
## VIOLATION OF THE FCRA 15 U.S.C. § 1681o
## NEGLIGENT NON-COMPLIANCE BY GENERAL SERVICE BUREAU

44. Paragraphs 1 through 22 are hereby realleged as though set forth herein.

45. Defendants negligently failed to comply with the FCRA § 1681o by obtaining Plaintiff's consumer credit report without permissible purpose as set forth in 15 U.S.C. § 1681b(f).

46. **WHEREFORE,** Plaintiff demands judgment for each violation against Defendants pursuant to 15 U.S.C. § 1681o, **attorney's fees of $3,000,** (see Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir.); Mace v. Van Ru Credit, 109 F.3d 338, 344 n.3 (7th Cir. 1997); Hyde v. Small, 123 F.3d 583, 585 (7th Cir. 1997)), <u>costs</u>, and other such relief as determined by the Honorable Court.

WHEREFORE, Plaintiff demands judgment against Defendants, ROBERT LEAVITT, CHAIRMAN and GENERAL SERVICE BUREAU, for damages, statutory damages of $26,000, punitive damages where applicable, **attorney's fees of $9,000**, <u>costs</u>, and other relief

as determined by the HONORABLE COURT pursuant to 15 U.C.S. § 1681n(a)(3), and § 1681o and 15 U.S.C. §1692k.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a **trial by jury** of all issues so triable as a matter of law.

Respectfully submitted this 18th day of October, 2012.

*[signature: Mayford K. Davis Jr.]*

MAYFORD K. DAVIS, JR.
216 Camelot Drive
Weatherford, TX 76086
(817) 768-7459
mdcherokee44@gmail.com

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVIS, MAYFORD K., JR.

**(b)** County of Residence of First Listed Plaintiff  PARKER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
ROBERT LEAVITT & GENERAL SERVICE BUREAU

2012 OCT 18 AM 11:36

County of Residence of First Listed Defendant  DOUGLAS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

4-12CV-739-A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FCRA 15 USC 1681 & FDCPA 15 USC 1692

Brief description of cause:
WILLFULLY OBTAINING CREDIT REPORT NO PERMISSIBLE PURPOSE/REPORTING FALSE INFORMATION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 35,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*
JUDGE                                   DOCKET NUMBER

DATE: 10/18/2012
SIGNATURE OF ATTORNEY OF RECORD: *Mayford K. Davis Jr.*

**FOR OFFICE USE ONLY**
RECEIPT # FW018001   AMOUNT $350.00   APPLYING IFP   JUDGE   MAG. JUDGE