U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 9 2013

CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MAYFORD K. DAVIS, JR.,          §
                                §
          Plaintiff,            §
                                §
VS.                             §    NO. 4:12-CV-739-A
                                §
ROBERT LEAVITT, CHAIRMAN,       §
ET AL.,                         §
                                §
          Defendants.           §

MEMORANDUM OPINION
and
ORDER

Now before the court for consideration is the motion to
dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(6) of the
Federal Rules of Civil Procedure, filed in the above action by
defendants, Robert Leavitt and General Service Bureau.
Plaintiff, Mayford K. Davis, Jr., filed a response.  Having now
considered the parties' filings, the complaint by which plaintiff
initiated this action, and the applicable legal authorities, the
court concludes that the motion to dismiss should be granted.

I.

Background

Plaintiff initiated this action by filing a complaint that
made the following factual allegations:

On or about May 17, 2011, plaintiff obtained his consumer
credit report from credit reporting agencies Equifax, TransUnion,

and Experian.  Upon examining the reports plaintiff found entries on the credit reports that were unknown and unauthorized by him. Plaintiff determined that defendants had obtained his consumer credit report twice from Transunion in October 2007, twice from Experian in January 2008, and twice from Equifax in December 2009.  On or about July 24, 2012, plaintiff sent a letter to defendants concerning his intent to sue over the alleged violations.  On August 2, 2012, defendants responded by letter, denying that they had obtained plaintiff's consumer credit reports.  On or about August 8, 2012, plaintiff sent defendants a certified letter regarding a notice of pending lawsuit, threatening to sue if defendants failed to settle the matter. Defendants did not indicate to plaintiff what justification they had for obtaining his consumer credit report.

Plaintiff alleged that defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et. seq., by obtaining plaintiff's credit report without a permissible purpose.

II.

## Grounds of the Motion

Defendants contend that the complaint should be dismissed because: plaintiff failed to establish that the court has

2

personal jurisdiction over either defendant; plaintiff failed to state a claim for relief under either the FDCPA or FCRA; and, plaintiff's FDCPA claim is barred by limitations.

III.

Analysis

A.   Law Applicable to Personal Jurisdiction

When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists.   Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006).   The plaintiff need not, however, prove jurisdiction by a preponderance of the evidence; a prima facie showing is sufficient.   Id.

When an action invoking the court's federal-question jurisdiction is based on a statute that does not provide for nationwide service of process, the court looks to the law of the forum state governing personal jurisdiction to determine if the defendant is amenable to process in the forum state.   See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104-05 (1987). The court has found nothing in the language of either the FDCPA or the FCRA authorizing nationwide service of process. Accordingly, the court must consider whether defendants are subject to the jurisdiction of Texas state courts.

3

The Texas long-arm statute has been interpreted to reach as far as the federal Constitution permits. <u>Moncrief Oil Int'l v. OAO Gazprom</u>, 481 F.3d 309, 311 n.1 (5th Cir. 2007). Thus, the court need only decide whether exercising jurisdiction over defendants in Texas is consistent with the Due Process Clause. <u>Id.</u>

The exercise of jurisdiction over a nonresident defendant comports with the Due Process Clause if (1) the defendant has "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945). To establish minimum contacts with the forum state, a defendant must do some act by which it "'purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" <u>Growden v. Ed Bowlin & Assocs., Inc.</u>, 733 F.2d 1149, 1151 (5th Cir. 1984) (quoting <u>Hanson v. Denckla</u>, 357 U.S. 235, 253 (1958)). "The defendant's conduct and connection with the forum state must be such that [it] should reasonably anticipate being haled into court in the forum state." <u>Id.</u> (citing <u>World-Wide Volkswagen v. Woodson</u>, 444 U.S. 286, 297 (1980)).

Minimum contacts may give rise to either specific or general jurisdiction. <u>Luv N' Care</u>, 438 F.3d at 469.  Specific jurisdiction exists when a defendant "has 'purposefully directed' [its] activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985) (citations omitted).  Even if the controversy does not arise out of or relate to the defendant's purposeful contacts with the forum, general jurisdiction may be exercised if the defendant's contacts with the forum are sufficiently continuous and systematic to support the reasonable exercise of jurisdiction. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 & n. 9 (1984).

Once the plaintiff proves that defendant has sufficient minimum contacts with the forum to support jurisdiction, the burden shifts to defendant to show that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.  <u>Int'l Shoe Co.</u>, 326 U.S. at 316.

B.   <u>Application of Law to Facts</u>

The complaint includes no factual allegations as would establish that defendants had sufficient contacts with Texas to support the exercise of personal jurisdiction over them.  First, the court finds nothing to support specific jurisdiction over

defendants.  The complaint alleges no facts that either defendant did anything or directed any activity in or at Texas.  The complaint alleges that defendants have an address in Omaha, Nebraska, and that defendants obtained plaintiff's consumer credit report.  The complaint does not allege that defendants obtained the credit report from entities that were located in Texas, or that Texas was in any way involved in the process through which the reports were obtained, or that defendants did anything directed at plaintiff or Texas upon purportedly obtaining the reports.

The only specific contact by the defendants with Texas alleged in the complaint is that defendants wrote to plaintiff in Texas, informing him they had not obtained his credit report.  However, defendants' letter was in response to plaintiff's correspondence to them.  Plaintiff by his own unilateral act-- sending a letter intended to invoke a response--cannot create the necessary minimum contacts between the defendant and the forum state.  Moncrief Oil Intern. Inc., 481 F.3d at 311.

Nor does the complaint support a finding of general jurisdiction.  The complaint fails to allege that defendants have had any contacts with Texas, much less any that are "continuous and systematic."  There are no allegations of anything that ties defendants to Texas in any way whatsoever.  The allegations in

the complaint fall far short of what is required to establish the exercise of general jurisdiction over defendants.

To sum up, nothing in the complaint alleges any facts to show that defendants purposefully availed themselves of the privilege of conducting activities in Texas, or that their conduct and connection with Texas was such that they should have reasonably anticipated being haled into court here.[1] Accordingly, the court is without personal jurisdiction over either defendant.

C.   <u>Other Grounds in the Motion</u>

The court is inclined to think that dismissal would also be warranted on the other grounds raised in the motion.  However, the court need not reach those grounds, as plaintiff has failed to allege any basis for the exercise of personal jurisdiction over defendants.

IV.

<u>Order</u>

Therefore,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted.

---

[1]Because the court finds minimum contacts lacking, it need not consider whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.

The court further ORDERS that all claims and causes of action asserted by plaintiff, Mayford K. Davis, Jr., against defendants, Robert Leavitt and General Service Bureau, be, and are hereby, dismissed.

The court will rule separately on issues related to the possibility of imposition of sanctions on plaintiff.  The hearing on defendants' motion for sanctions will be conducted as now scheduled at 10:00 a.m. on March 20, 2013.

SIGNED March _19_, 2013.

JOHN McBRYDE
United States District Judge

8